# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEBRASKA

| UNITED STATES OF AMERICA, | ) | CASE NO. 8:07CR62 |
|---|---|---|
| Plaintiff, | ) | |
| | ) | MEMORANDUM |
| vs. | ) | AND ORDER |
| | ) | |
| JEAN PAUL REAVILL, | ) | |
| | ) | |
| Defendant. | ) | |

This matter is before the Court on the Report and Recommendation (Filing No. 19) issued by Magistrate Judge recommending denial of the motion to suppress filed by the Defendant, Jean Paul Reavill (Filing No. 12). Reavill filed a statement of objections to the Report and Recommendation and a supporting brief (Filing Nos. 22, 23) as allowed by 28 U.S.C. § 636(b)(1)(C) and NECrimR 57.3(a).

Reavill is charged in a thee-count Indictment with: conspiracy to distribute and possess with intent to distribute a mixture or substance containing methamphetamine (Count I); possession with intent to distribute a mixture or substance containing methamphetamine (Count II); and criminal forfeiture (Count III). Reavill seeks an order suppressing evidence found during a search of the vehicle he was driving at the time of his October 2, 2006, arrest.

Following an evidentiary hearing, Magistrate Judge Thomas D. Thalken issued oral findings of fact and conclusions of law followed by a written Report and Recommendation. (Filing Nos. 21 ("TR"), at 27-30; 19.) Judge Thalken concluded: the Defendant was arrested based on probable cause, as his driving license was suspended; he was still under arrest during the time of the search; and the evidence found during the search is admissible.

On the basis of these determinations, Judge Thalken recommended that the Defendant's motion to suppress be denied.

## STANDARD OF REVIEW

Pursuant to 28 U.S.C. § 636(b)(1)(C) and NECrimR 57.3(a), the Court shall make a de novo determination of those portions of the report, findings, and recommendations to which the Defendant has objected. The Court may accept, reject, or modify, in whole or in part, the Magistrate Judge's findings or recommendations. The Court may also receive further evidence or remand the matter to the Magistrate Judge with instructions.

## STATEMENT OF FACTS

The Magistrate Judge provided an account of the events surrounding the events relevant to the traffic stop, search, and arrest. (Filing No. 21, at 27-29.) The Court has considered the transcript of the hearing conducted by the Magistrate Judge. (Filing No. 21.) Based on the Court's de novo review of the evidence and arguments, the Court adopts Judge 's factual findings in their entirety.

## ANALYSIS

The Defendant objects to the following portions of Judge Thalken's Report and Recommendation, arguing that Reavill was not under arrest at the time of the search of the vehicle he was driving. (Filing Nos. 22, 23.)

Reavill relies on *Knowles v. Iowa,* 525 U.S. 113 (1998), in which Knowles was issued a citation for speeding. Knowles was not arrested. *Id.* at 114. The Court held that the vehicle search did not fall under the "search incident to arrest" exception to the Fourth

2

Amendment warrant requirement. The Court's rationale was that the concern for officer safety was not as crucial in a citation context as in an arrest situation. *Id.* at 117-19.

In Reavill's situation, he was stopped for expired tags on the vehicle he was driving. The officer confirmed the expiration of the tags through dispatch before the traffic stop. When asked for a driver's license, Reavill only produced a Nebraska identification card. Reavill did not have insurance on the vehicle, and he did not have a vehicle title. Officers confirmed that his license was suspended. In addition, officers knew that there was a "locate" from the sheriff's office to serve Reavill with a protection order. Therefore, Reavill's case is distuinguishable from *Knowles.* Reavill was lawfully arrested, and the civil matter involving service of the protection order was a matter incident to his law violations and was not the reason for the stop. Moreover, Reavill's assertion that he was not under "arrest" when the vehicle search was performed is incorrect in light of the hearing testimony. Officer Hrabik testified that Reavill was arrested prior to the searches, although he was still speaking with Reavill when Officer Powell began the vehicle search. (TR 10.) Officer Powell testified that once he knew Reavill was under arrest, he began the search of the vehicle. (TR 18.)

For these reasons, the Defendant motion to suppress is denied and the Magistrate Judge's Report and Recommendation is adopted.

IT IS ORDERED:

1. The Magistrate Judge's Report and Recommendation (Filing No. 19) is adopted in its entirety;

2. The Statement of Objections to the Report and Recommendation (Filing No. 22) is denied; and

3. The Defendant's Motion to Suppress (Filing No. 12) is denied.

DATED this 24th day of May, 2007.

BY THE COURT:

s/Laurie Smith Camp
United States District Judge